## MATTER OF ROSSI

### In Deportation Proceedings

#### A-3459526

*Decided by Board March 10, 1966*

Since respondent is an alien, having been denaturalized in 1962, he is deportable under section 241(a)(11), Immigration and Nationality Act, as amended, on the basis of his narcotics conviction in 1954, notwithstanding the conviction occurred at a time when he was a naturalized U. S. citizen.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of unlawful sale of narcotics.

Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of conspiracy to sell narcotics.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 3, Immigration Act of 1917 [8 U.S.C. 136, 1946 Ed.]—Convicted of crimes—aggravated theft (two offenses); sale of military effects; complicity in inflicting lesions; criminal association to commit premeditated homicide.

This case is before us on appeal from a decision of a special inquiry officer denying the application under 8 U.S.C. 1254(a) and directing the respondent's deportation.

The respondent is a 64-year-old married male who is a native of Italy and whose present citizenship has not been determined. He first entered the United States in 1937 as a stowaway. Following preexamination proceedings, he was lawfully admitted for permanent residence on March 5, 1946 and became a naturalized United States citizen on December 6, 1951. A denaturalization suit was subsequently filed, and the decree admitting him to citizenship was set aside on December 26, 1962. On February 17, 1954, in the United States District Court for the Southern District of New York, the respondent was convicted on two counts of an indictment for unlawfully conspiring to sell narcotics and for unlawfully selling narcot-

ics in violation of 18 U.S.C. 371 and 21 U.S.C. 173–174. The convictions for those two offenses are the basis for the two charges in the order to show cause. The special inquiry officer held that these two charges were sustained. The issues are whether this ruling is correct and, if so, whether the respondent is eligible for any discretionary relief. Since we concur in the special inquiry officer's conclusion concerning deportability, it is unnecessary to determine whether the respondent is additionally deportable on the charge lodged at the hearing which was that the respondent was excludable at the time of his entry because of convictions occurring in Italy during the period from 1919 to 1929.

With regard to the issue of deportability, both parties seem to concede that the question resolves itself into whether the respondent's case is controlled by *Costello* v. *Immigration and Naturalization Service*, 376 U.S. 120 (1964). Costello is similar to the case of the respondent with respect to the fact that both individuals were naturalized as United States citizens, were then convicted of crimes, and were then denaturalized.

Counsel asserts that the special inquiry officer was in error in stating that the court's decision in the Costello case was based, in part, upon the use of the present tense "is convicted" in section 241 (a)(4) of the Immigration and Nationality Act. It is true that the third clause of section 241(a)(11), under which the respondent's deportation is sought, contains the language "who has been convicted." However, we agree with counsel that the court's opinion shows that the Costello decision was not predicated on the fact that the present tense "is" had been used.

In *Costello* v. *Immigration and Naturalization Service*, *supra*, the court said that there were two possible constructions of section 241 (a)(4); that there is nothing in the legislative history so specific as to resolve the ambiguity of the statutory language; and that considerable light is forthcoming from section 241(b)(2). Counsel alleged that the court merely stated that its reference to section 241(b) was *additional evidence* why section 241(a)(4) was not applicable to Costello; that this was not the *reason* for the court's conclusion; and that the court stated that it was not basing its decision upon that factor. Other than counsel's bare statements, there is nothing in his brief which supports them. After careful analysis of the court's opinion, we are satisfied that it was, in fact, primarily predicated on the provisions of section 241(b) and the fact that Costello, being a naturalized citizen at the time of his convictions, was deprived of any opportunity of requesting the sentencing court to recommend

515

against his deportation. Accordingly, we reject this contention of counsel.

As the Supreme Court stated in *Costello* at page 126, section 241(b)(2) is made specifically applicable to section 241(a)(4). This is because section 241(b) contains the language: "The provisions of subsection (a)(4) * * * shall-not apply * * * (2) if the court * * * shall make * * * recommendation to the Attorney General that such alien not be deported * * *." Since the court's authority to recommend against deportation was thus limited to deportation charges under section 241(a)(4), it follows that, under the Immigration and Nationality Act of 1952, a court had no such authority as to deportation charges based on section 241(a)(11). Counsel asserts that, notwithstanding this language of section 241(b), "the Courts had regularly ruled that a judicial recommendation against deportation, precluded deportation even in a narcotics case * * *." However, no judicial decisions were cited for this proposition. We are satisfied that the cases, involving judicial recommendations against deportation in narcotic cases, were those in which the recommendations had been made prior to December 24, 1952, the effective date of the Immigration and Nationality Act and of section 241(b). In two cases, recommendations against deportation had been made prior to December 24, 1952; deportation proceedings were instituted after December 24, 1952; and the courts held that the status of nondeportability, which the aliens acquired prior to the effective date of the immigration and Nationality Act, continued to protect them from deportation thereafter. *United States ex rel. De Luca v. O'Rourke*, 213 F.2d 759 (8th Cir., 1954), and *Ex parte Robles-Rubio*, 119 F. Supp. 610 (N.D. Cal., 1954). However, this theory was rejected by the Supreme Court in *Lehmann v. United States ex rel. Carson*, 353 U.S. 685 (1957), and *Mulcahey v. Catalanotte*, 353 U.S. 692 (1957). Thereafter, we specifically held in *Matter of Y—M—*, 8 I. & N. Dec. 94 (1958), that an alien was deportable on the basis of a narcotic conviction notwithstanding the sentencing court's recommendation against deportation made in 1925.

Section 301(c) of the Act of July 18, 1956 [Narcotic Control Act of 1956] added to section 241(b) of the Immigration and Nationality Act [8 U.S.C. 1251(b)] the following sentence: "The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section." Counsel contends that, inasmuch as the respondent's convictions occurred prior to July 18, 1956, the sentencing court could have made a recommendation against deporta-

tion if he had not been an ostensible citizen at that time. The respondent's convictions occurred on February 17, 1954 which was subsequent to the effective date of the Immigration and Nationality Act [December 24, 1952]. Counsel has not cited any judicial decision in which a sentencing court made a recommendation against deportation in a narcotic case after December 24, 1952, and we are not aware of any. As we have indicated above, the opening language of section 241(b), as originally enacted, made this provision inapplicable to a deportation charge under section 241(a)(11). Conference Report No. 2546,[1] which is part of the legislative history of the Act of July 18, 1956, indicates that the addition of the quoted sentence was not for the purpose of changing section 241(b) but merely for the purpose of clarifying its original meaning. Even if the respondent had not been a citizen but had been an alien for all purposes at the time of the convictions in 1954, we are convinced that the sentencing court could not have made a valid recommendation against deportation. We must, therefore, reject counsel's contention insofar as it is based on the Act of July 18, 1956.

For the reasons indicated above, we are satisfied that the respondent's case is not controlled by the *Costello* decision. On the contrary, we believe that the respondent's case cannot be distinguished from *United States ex rel. Eichenlaub* v. *Shaughnessy*, 338 U.S. 521 (1950). That case also involved a conviction during a period when the individual was a naturalized citizen, and the court held that he was deportable. Since the respondent is now an alien and he "has been convicted" of a narcotic violation, we hold that he is deportable in accordance with the provisions of section 241(a)(11) of the Immigration and Nationality Act.

Counsel's brief does not contain any argument that the special inquiry officer was in error in holding that the respondent was statutorily ineligible for suspension of deportation or any other form of discretionary relief. This matter was fully discussed by the special inquiry officer, and we concur in his conclusions. Accordingly, the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] 1956 U.S. Code Congressional and Administrative News, Vol. 2, p. 3321.