# Matter of Alfonso GONZALEZ-MURO, Respondent

File A37 802 173 - Los Angeles

*Decided as amended March 11, 2008*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A denaturalized alien who committed crimes while a lawful permanent resident and concealed them during the naturalization application process is removable on the basis of the crimes, even though the alien was a naturalized citizen at the time of conviction. *Costello v. INS*, 376 U.S. 120 (1964), distinguished.

FOR RESPONDENT: John Ayala, Esquire, Los Angeles, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Theresa M. Healy, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and GRANT, Board Members.

GRANT, Board Member:

**ORDER:**

**PER CURIAM.** The respondent is a native and citizen of Mexico who was convicted of four separate crimes in September of 1995. The Department of Homeland Security ("DHS") has appealed from the April 29, 2005, decision of the Immigration Judge terminating the proceedings in this case. The DHS's appeal will be sustained and the record will be remanded to the Immigration Judge. The request for oral argument is denied. *See* 8 C.F.R. § 1003.1(e) (2007).

The Immigration Judge terminated proceedings, finding that because the respondent's convictions occurred while he was a naturalized citizen, he was not removable for those criminal offenses pursuant to the Supreme Court's

---

[1] On our own motion, we amend the July 6, 2007, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

decision in *Costello v. INS*, 376 U.S. 120 (1964). However, in *Matter of Rossi*, 11 I&N Dec. 514 (BIA 1966), we determined that a case such as this was not controlled by *Costello v. INS*. We explained that *Costello* was "primarily predicated on the provisions of section 241(b) [of the Immigration and Nationality Act, 8 U.S.C. § 1251(b)] and the fact that Costello, being a naturalized citizen at the time of his convictions, was deprived of any opportunity of requesting the sentencing court to recommend against his deportation." *Matter of Rossi*, *supra*, at 515-16. We noted that even if the respondent had not been a citizen at the time of his convictions, the sentencing court could not have made a valid recommendation against deportation. *Id.* at 517. We find the same to be true in this case, because the respondent could not have obtained a valid recommendation against deportation at the time that he was convicted. Thus, we find that *Costello* is also not controlling here.

The respondent contends that our decision in *Matter of Rossi*, *supra*, was incorrectly decided. However, as he recognizes, the decision has not been overturned or distinguished in any manner so as to limit or invalidate its holding. We therefore find it to be binding precedent and are not persuaded to revisit its holding by the respondent's arguments on appeal.

The respondent also claims that because he was a naturalized citizen at the time he entered a guilty plea to multiple crimes, he believed that his plea would not subject him to deportation charges. However, the respondent was aware that he was a lawful permanent resident when he committed some of his crimes, which means that he was removable at the time of their commission.

Furthermore, prior to being naturalized, the respondent represented in the form of an oath that he had not knowingly committed a crime for which he had not been arrested. The respondent should have been aware that his failure to reveal such crimes meant that his citizenship was obtained by fraud. Thus, at the time of his plea in 1995, he should have known that his fraudulently obtained status would not necessarily protect him from any future immigration consequences relating to the crimes that he failed to reveal. *See Monet v. INS*, 791 F.2d 752, 754-55 (9th Cir. 1986) (recognizing that in *Costello v. INS*, *supra*, there was no issue as to whether the petitioner had lawfully acquired his naturalized status). The respondent also entered into a settlement agreement with the United States revoking his naturalization, in which, unlike Costello, he specifically agreed to be "forever restrained and enjoined from claiming any rights, privileges, or advantages under any document that evidences United States citizenship obtained as a result of [his] June 24, 1994 naturalization." Hence, the respondent agreed that he would not rely on his fraudulently obtained naturalization to claim a right or privilege, as he now attempts to do.

As the DHS has pointed out, this case is distinguishable from *Costello v. INS*, *supra*. Specifically, unlike the petitioner in *Costello*, the respondent

committed several of the crimes at issue while he was still a lawful permanent resident, prior to his naturalization. The commission of these crimes while he was a lawful permanent resident and his concealment of the crimes during the naturalization application process were the bases for his denaturalization. The respondent could not have obtained a valid recommendation against deportation at the time that he was convicted, regardless of his status, and he entered an agreement not to rely on his fraudulently obtained naturalization. The respondent failed to address these distinctions between the facts in his case and those in *Costello*.

Accordingly, the appeal of the DHS is sustained. The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.