**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-4792

———————

CHUN YU ZHAO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A098-359-673)
Immigration Judge: Andrew Arthur

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 29, 2016

———————

Before: VANASKIE, SHWARTZ, and RESTREPO, *Circuit Judges*.

(Opinion Filed:  April 5, 2016)

———————

OPINION[*]

———————

VANASKIE, *Circuit Judge*.

Petitioner Chun Yu Zhao challenges a removal order issued by an Immigration

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA"). She contends that her status as a naturalized United States citizen at the time of her federal felony convictions insulates her from being deported. Because the BIA did not err in holding that Zhao's post-conviction denaturalization rendered her amenable to removal for the commission of an aggravated felony, we will deny Zhao's petition for review.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those matters essential to our analysis.

Zhao is a native of the People's Republic of China. She entered the United States as a visitor and later adjusted her status to lawful permanent resident in April of 2005 based upon her marriage to David Cone, a United States citizen. In September of 2008, Zhao was naturalized as a United States citizen based upon that marriage. Two years later, she and her husband were indicted in the United States District Court for the Eastern District of Virginia on charges relating to the importation and sale of purportedly counterfeit computer network systems. Zhao was also charged with improperly obtaining naturalization in violation of 18 U.S.C. § 1425. Zhao pled not guilty and the case proceeded to a jury trial in May of 2011. The jury convicted Zhao on a number of charges, including unlawfully procuring naturalization, in violation of 18 U.S.C. § 1425, and trafficking in counterfeit goods and labels, in violation of 18 U.S.C. § 2320. On

September 9, 2011, the District Court sentenced Zhao to five years' imprisonment and ordered restitution in the amount of $2.7 million.[1]

The criminal judgment set in motion a number of immigration-related consequences. Five days after imposing the sentence, the District Court, based upon the jury's verdict that Zhao was guilty of unlawfully procuring her naturalization, issued an order cancelling Zhao's naturalization pursuant to 8 U.S.C. § 1451(e).[2] The September 14, 2011 order declared Zhao's naturalization void *ab initio*, asserting that Zhao "is not now, and has never been, a United States citizen." A.R. 495. The Order further provided that Zhao "is forever restrained and enjoined from claiming any rights, privileges or

---

[1] Zhao appealed her judgment of conviction. The United States Court of Appeals for the Fourth Circuit, on April 15, 2013, affirmed in part and vacated in part Zhao's convictions. *United States v. Cone*, 714 F.3d 197 (4th Cir. 2013). While two counts of conviction were vacated, significantly, the Court of Appeals' decision left undisturbed Zhao's convictions for trafficking in counterfeit goods and unlawfully procuring her naturalization. On remand for resentencing, the District Court reduced Zhao's prison term from 60 months to time served, approximately 40 months, and reduced the restitution amount to $2.1 million.

[2] Section 1451(e) of Title 8 U.S.C. provides:

When a person shall be convicted under section 1425 of title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

3

advantages under any document which evidences United States citizenship and which was obtained as a result of her unlawful naturalization." *Id.*[3]

On December 23, 2013, Zhao was served with a Notice to Appear, charging her with being subject to removal from the United States under 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct, and under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. The IJ reviewing her case ordered her removal under both statutory provisions. In ordering her removal, the IJ rejected Zhao's argument that she was not subject to removal because she was a United States citizen when she was convicted of the removable offenses. Zhao's argument rested heavily upon *Costello v. INS*, 376 U.S. 120 (1964), which held that the petitioner in that case could not be removed based upon convictions that were obtained after he was naturalized but before his naturalization was canceled. The IJ found that *Costello* was limited to its peculiar facts, as recognized by the BIA in *Matter of Rossi*, 11 I. & N. Dec. 514 (BIA 1966), and *Matter of Gonzalez-Muro*, 24 I. & N. Dec. 472 (BIA 2008), which affirmed the removal of aliens even though they were naturalized citizens of the United States when they were convicted of removable offenses.

---

[3] Following Zhao's resentencing, the District Court granted Zhao's "Unopposed Motion to Vacate and Reenter Order Canceling Certificate of Naturalization *Nunc Pro Tunc* to December 16, 2013," A.R. 190, and that Order was reentered as of December 16, 2013, the date the amended judgment of conviction was filed.

The BIA agreed with the IJ's assessment of *Costello* as well as the IJ's conclusion that Zhao's case is governed by *Rossi* and *Gonzalez-Muro*. Observing that Zhao had been convicted of unlawfully obtaining naturalization in violation of 18 U.S.C. § 1425 and that her naturalization certificate had been declared void *ab initio*, the BIA stated that "[i]t follows then, that [Zhao's] fraudulently obtained status would not protect her from any future immigration consequences." A.R. 4 (citing *Monet v. INS*, 791 F.2d 752, 754–55 (9th Cir. 1986)). The BIA, citing our decision in *Park v. Attorney General*, 472 F.3d 66 (3d Cir. 2006), also concluded that Zhao's convictions for trafficking in counterfeit goods in violation of 18 U.S.C. § 2320 were aggravated felonies for which she was removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, the BIA dismissed Zhao's appeal. This petition for review followed.

## II.

We have jurisdiction to review final decisions of the BIA under 8 U.S.C. § 1252(a)(1). We review the BIA's factual findings for substantial evidence and the BIA's legal determinations *de novo*. *See Demandstein v. Att'y Gen.*, 639 F.3d 653, 655 (3d Cir. 2011).

## III.

Section 1227(a)(2)(A)(iii) of Title 8 U.S.C. provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "alien" is defined in 8 U.S.C. § 1101(a)(3) as "any person not a citizen or national of the United States." Zhao falls within the definition of "alien" as a consequence of the

5

cancellation of her certificate of naturalization. Zhao, relying upon *Costello*, argues that her removal is precluded because, like Costello, she was a naturalized United States citizen when she was convicted of removable offenses and only later had her naturalization certificate declared void *ab initio*. We disagree with Zhao's reading of *Costello*, and instead agree with the BIA that *Costello* is distinguishable from this case.

*Costello* addressed the question of whether a naturalized citizen could be deported for crimes committed after his naturalization. *See Costello*, 376 U.S. at 121. The Court held that the statute was subject to two equally plausible readings, one permitting deportation regardless of previous naturalization, based on a person's status as an alien at the time of removal, the other requiring a person to have been an alien at the time of conviction. *Id.* at 124-25. Because the statutory language was subject to multiple interpretations, the Supreme Court relied heavily on the fact that the statutory scheme considered in *Costello* contained an important restriction on the deportation of an alien convicted of crimes involving moral turpitude. At the time of Costello's conviction, Section 241(b)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(b)(2) (repealed), provided that an alien convicted of crimes involving moral turpitude could not be deported if "the court sentencing such alien for such crime[s] shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation . . . that such alien not be deported." *Costello*, 376 U.S. at 126-27. Costello could not seek such a judicial recommendation against deportation, known as a "JRAD," because he was a United States citizen when he was convicted of deportable

6

offenses. *Id.* at 126–27. Indeed, unlike Zhao, he was not prosecuted for having improperly procured his naturalization as part of the income tax evasion prosecution that formed the basis for the deportation proceedings. And unlike Zhao, Costello was not denaturalized at the time that the judgment of conviction was entered or within thirty days thereafter.[4] The Court reasoned that Costello's naturalization "put him in a much more disadvantageous position than he would have occupied if he had never acquired a naturalization certificate at all." *Id.* at 131. Finding this result to be incongruous, the Court held that Costello could not be deported because he had not been able to request a JRAD, "a procedure so intrinsic a part of the legislative scheme." *Id.* at 128.

Two years after *Costello* was decided, the BIA, in *Matter of Rossi*, considered a deportation order of a person who, like Costello and Zhao, was a naturalized citizen when he was convicted of a removable offense and later was denaturalized. 11 I. & N. Dec. at 514-15. Also like Zhao, but unlike Costello, Rossi, having been convicted of drug trafficking charges, was not entitled to seek a JRAD. *Id.* at 517. Thus, Rossi did not suffer the same disadvantage as did Costello. On this basis, the BIA concluded that *Costello* was not controlling and Rossi could be deported even though he was convicted years before he was denaturalized. *Id.*

More recently, in *Matter of Gonzalez-Muro*, the BIA reaffirmed its position that "*Costello* was 'primarily predicated on the provisions of section 241(b) [of the

---

[4] Costello's certificate of naturalization was cancelled approximately five years after his conviction for income tax evasion and approximately three years after the Supreme Court affirmed his conviction. *Costello*, 376 U.S. at 121.

Immigration and Nationality Act, 8 U.S.C. § 1251(b)] and the fact that Costello, being a naturalized citizen at the time of his convictions, was deprived of any opportunity of requesting the sentencing court to recommend against his deportation.'" 24 I. & N. Dec. at 473 (quoting *Matter of Rossi*, 11 I. & N. Dec. at 515-16). Because Gonzalez-Muro, a naturalized citizen at the time of his conviction of a removable offense, "could not have obtained a valid recommendation against deportation at the time that he was convicted," *id.*, he could not avail himself of the limited holding in *Costello.*

As in *Rossi* and *Gonzalez-Muro*, Zhao was not entitled to seek a JRAD at the time of her conviction because the provision of the INA the Supreme Court relied upon in *Costello* no longer exists. Accordingly, *Costello* is not applicable. We agree, as the BIA has recognized for 50 years, that *Costello* rested on the fact that the petitioner was unfairly deprived of the opportunity to seek a JRAD. When that fact is removed, there is no impediment to the removal of an alien who has been denaturalized simply because she was a naturalized citizen when she was convicted of a removable offense. Because there was no possibility of a JRAD here, the BIA properly applied its precedent in *Rossi* and distinguished the facts of this case from *Costello* to find that Zhao is subject to being removed as a consequence of the cancellation of her certificate of naturalization.[5]

---

[5] Zhao's post-conviction collateral attack on her conviction for unlawfully procuring naturalization in violation of 18 U.S.C. § 1425 was rejected by the District Court. *See United States v. Zhao,* Nos. 1:14-cv-1787 (GBL) and 1:10-cr-317 (GBL), 2015 WL 4523487 (E.D. Va. July 23, 2015). The United States Court of Appeals for the Fourth Circuit declined to issue Zhao a certificate of appealability. *See United States v. Zhao*, No. 15-7493, ___ Fed. App'x ___, 2016 WL 519095 (4th Cir. Feb. 10, 2016).

The BIA also properly followed our decision in *Park* to conclude that Zhao's conviction on two counts of trafficking in counterfeit goods and labels in violation of 18 U.S.C. § 2320 qualified as aggravated felonies for purposes of ordering her removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[6] Zhao concedes that *Park* necessitates a finding that convictions under 18 U.S.C. § 2320 constitute aggravated felonies under 8 U.S.C. § 1101(a)(43)(R) for the purpose of being removable under 8 U.S.C. § 1227(a)(2)(A)(iii), but contends that *Park* was wrongly decided. Zhao has preserved her challenge to *Park* for purposes of *en banc* or Supreme Court consideration, but we must follow it here. *See In re Lemington Home for the Aged*, 659 F.3d 282, 294 n.6 (3d Cir. 2011) (noting that a panel of our Court is bound by a prior published opinion of another panel). Thus, because, as we explained above, Zhao was an alien at the time that she was convicted under 18 U.S.C. § 2320, we must conclude that she is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[7]

---

[6] The INA provides that "offense[s] relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year" qualify as aggravated felonies. 8 U.S.C. §1101(a)(43)(R). In *Park,* we held that convictions under 18 U.S.C. § 2320 necessarily constitute aggravated felonies under section 1101(a)(43)(R) because such convictions "relat[e] to counterfeiting." 472 F.3d at 72.

[7] In light of this determination, we decline Zhao's request to address the IJ's determination that she is also removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having committed crimes involving moral turpitude. Indeed, it is not readily apparent that we have jurisdiction to address that question. The BIA noted that Zhao had not "meaningfully contested the [IJ's] finding that she is also removable under [8 U.S.C. §1227(a)(2)(A)(ii)] for having committed two or more crimes of moral turpitude not arising out of a single scheme of criminal misconduct." A.R. 5. If the BIA is correct that

9

IV.

For the reasons set forth herein, we hold that Zhao is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, we will deny her petition for review of the BIA's order dismissing her appeal and authorizing her removal from the United States.[8]

---

Zhao did not properly raise such arguments before it, the issue would not be exhausted and would not be subject to review by this Court. *See* 8 U.S.C. § 1252(d)(1); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). Even if Zhao had properly raised the issue before the BIA, we would still be precluded from considering her alternative arguments, because we must review the BIA's decision solely on the grounds it used, and are "powerless to decide in the first instance issues that [the BIA] does not reach." *Konan v. Att'y Gen.*, 432 F.3d 497, 501 (3d Cir. 2005). In any event, because we do not need to reach the question of Zhao's deportability under 8 U.S.C. § 1227(a)(2)(A)(ii), we need not reach the question of whether this issue was properly exhausted.

[8] Because we are denying the petition for review, the Government's motion to remand this case to the BIA and its motion to expedite consideration of its motion to remand are moot.

10